# CRIMINAL COURT OF BALTIMORE CITY.

Filed January 14, 1910.

STATE OF MARYLAND
VS.
GEORGE P. McRAE.

Heard before Judges HARLAN and STOCKBRIDGE.

*Albert S. J. Owens* and *Raymond S. Williams* for the State.

*Wm. C. Smith* and *A. J. Quinn* for the traverser.

66

HARLAN, J.—

This case has received the patient and careful consideration of the court. The charge contained in the third count of the indictment, which is the only one relied on by the State, is that the traverser, being a clerk, and in the employ of the Mayor and City Council, did, on the 28th day of April, 1909, fraudulently embezzle eighty-nine dollars of the money of the Mayor and City Council, which came into his possession for, in the name and on the account of the said Mayor and City Council.

The traverser has interposed no obstacles to the ascertainment of the facts concerning the acts which are charged against him as a crime. Indeed, since the first intimation came to his superiors in office, that there was something wrong with his accounts, and he was sent for, he has acted with frankness and with a manifest desire to repair any wrong which he had done.

He voluntarily came into the office and stated to City Comptroller Hooper, and in the presence of Deputy City Comptroller Freeman, that he had been using the City's money, told them as far as he could then recollect the items going to make up the amount that had been appropriated by him, and turned over to them the certificates he had concealed, showing the amounts of money received by him, which certificates it was his duty to have placed on file as soon as received as vouchers to be added up each day at the close of business, so that the amount received for the day should be entered upon the books.

He also offered to restore immediately the total shortage which was then estimated to be $424.65, but saying that there might be some items he had forgotten, he sent out for five hundred dollars, and had the same brought in and tendered to the city. The amount thus offered was not then accepted, but the total shortage has since been accurately ascertained and the amount thereof paid to the city.

The traverser in this court has made no denial of the use of the city's money, or of his concealment of the certificates which would have shown his receipt of the money, but has taken the stand and told with fullness and apparent frankness of his actions and conduct in reference to the receipt of the money, the way in which he used it, and how and where he kept the certificates which, if not concealed, might have led to his earlier detection.

All of this is greatly to his credit and such circumstances may justly be considered as mitigating his offence, but the question with which the court is concerned, is not whether an offense calling for a light or a heavy punishment has been committed, but whether the evidence produced satisfies the court, sitting as a jury, that the traverser is guilty of the acts charged against him beyond a reasonable doubt.

Where one, being in the employ of another as clerk, takes money into his possession for and on account of his employer, and instead of turning it over according to his duty, fraudulently appropriates the money to his own use, this is embezzlement, and the fraudulent character of the appropriation is evidenced by such acts as denying the receipt of the money, making false entries upon the books of account, destroying, withholding or concealing papers which would disclose such receipt.

The facts shown in evidence—indeed, admitted in this case—conclusively establish an appropriation of the city's money to the use of the traverser, and the concealment of the evidence thereof until the day when he was called into the office and had the interview with the Comptroller hereinbefore referred to.

It is earnestly contended, however, on behalf of the traverser that he did not, at the time the money was appropriated to his own use, have that criminal intent which is an essential element of all crime.

Two suggestions are made; first, that the traverser, by reason of his use of intoxicating liquors and prolonged sprees, was incapable of the formation of a criminal intent; and second, that in point of fact, he did not have any criminal intent.

As to the first suggestion, while it is unfortunately true that the traverser, for three months prior to the discovery of his defalcation, used intoxicating liquors to excess, the evidence, taken in connection with his constant performance of his official duties is not sufficient to raise a reasonable doubt as to

his mental capacity to commit the crime with which he is charged, although it is no doubt reasonable to believe that the traverser's need of money was accentuated by his debauches, and some, if not the most, of the money was taken and used in order to enable him to indulge therein, and if his appetite for drink and desire for pleasure had been less strong, it would probably not have been taken.

As to the second suggestion, the traverser has testified that he always intended to restore the money to the city, and the fact that he did so promptly, on being asked about his accounts, offer to make and tender restitution, is relied on as confirmatory of this intention.

Conceding that the traverser, when he used the City's money, intended at some time, more or less indefinite, to restore the money so used, this does not remove the guilt of embezzlement or deprive acts, otherwise sufficient to constitute it, of their criminal character. The authorities to this extent—and we have taken pains to examine them—are quite abundant and convincing.

Our conclusion is, that the traverser is guilty on the third count of the indictment, and not guilty on the first and second counts, and the verdict will be accordingly so entered.